# OFFICE OF THE ATTORNEY GENERAL

GERALD C. MANN
Attorney General

June 13, 1939

Hon. P. L. Marquess
County Auditor
Wharton County
Wharton, Texas

Dear Sir:

> Opinion No. 0-902
> Re: Who should pay the bonds of the county
> treasurer, justice of the peace, con-
> stable, county commissioners, county
> surveyor, county auditor, county
> librarian, and the superintendent of
> the county hospital and their deputies?

Your request for opinion upon the above stated question has been received by this department.

The population of Wharton County, Texas is twenty-nine thousand six hundred and eighty-one (29,681) inhabitants, according to the last preceding Federal census. Therefore, the county officers are subject to the Officer's Salary Law. You did not inform us as to whether or not the precinct officers of the county are on the salary system or on a fee basis.

Article 3883, Revised Civil Statutes of Texas, in part, reads as follows:

> "Maximum fees - Except as otherwise provided in this Act, the annual fees that may be retained by precinct, county and district officers mentioned in this Article shall be as follows:...."
> (The officers mentioned in this article are county judge, district or criminal district attorney, sheriff, county clerk, county attorney, district clerk, tax collector, tax assessor, assessor and collector of taxes, Justice of the Peace and constable.)

Article 3891, Revised Civil Statutes of Texas, in part, reads as follows:

> "Disposition of fees - Each officer named in this chapter shall first out of the current fees of his office pay or be paid the amount allowed him under the provisions of Article 3883, together with the salaries of his assistants and deputies, and authorized expenses under Article 3899, and the amount necessary to cover costs of premium on whatever surety bond may be required by law...."

Article 3899(a), Revised Civil Statutes of Texas, in part, reads as follows:

"Expense account - At the close of each month of his tenure of office each officer named herein who is compensated on a fee basis shall make as part of the report now required by law, an itemized and sworn statement of all the actual and necessary expenses incurred by him in the conduct of his office, such as stationery, stamps, telephone, premiums on officials' bonds, including the cost of surety bonds for his Deputies, etc....."

Article 3899(b), Revised Civil Statutes of Texas, in part, reads as follows:

"Each officer named in this Act, where he receives a salary as compensation for his services, shall be empowered and permitted to purchase and have charged to his county all reasonable expenses necessary in the proper and legal conduct of his office, premiums and officials' bonds, etc....."

Opinion No. 0-204 of this department holds that the commissioners' court does not have the authority to pay premiums on the official surety bond of the county treasurer.

Opinion No. 056 of this department holds that the county is not authorized to pay the premium on official bond for the members of the commissioners' court.

Opinion No. 0-06 of this department holds that the premium on the official bond of the county auditor should not be paid by the county.

Opinion No. 0-56, cited above, further holds that in counties in which precinct officers are on a fee basis, the county is not liable to pay premiums on officials' bonds of precinct officers.

County treasurers, county commissioners, county surveyors, county auditors, county librarians and superintendents of county hospitals are not fee officers named in Articles 3883, 3891 and 3899, Revised Civil Statutes of Texas and do not come within the provisions of the Officer's Salary Law, whereby the expense of premiums on their official bonds could be legally charged up as an expense of office to be paid by the county.

Constables and justices of the peace are precinct officers of the county and are named in Article 3883, Revised Civil Statutes of Texas. The commissioners' court, by proper order, at the proper time, may place the justices of the peace and constables of the county on a salary basis. Conference opinion No. 0-516 of this department holds that the commissioners' court has to place all justices of the peace and all constables of the county on a salary basis or leave all on a fee basis. If the justices of the peace and the constables of the county are placed on a salary basis by the commissioners' court in the manner outlined by law, then it is the duty of the commissioners' court to pay the premium on the official bonds of the justices of the peace and the constables out of the Officer's Salary Fund of the county. If the justices of the peace and constables are on a fee basis the county is not liable for the premiums on their official bonds. However, the

justices of the peace and constables may pay same out of their excess fees of office as a legal expense.

Therefore, you are respectfully advised that it is the opinion of this department that the county treasurer, county commissioners, county surveyor, county auditor, county librarian and the superintendent of the county hospital and their deputies, should personally pay the premium on their official bonds. You are further respectfully advised that it is the opinion of this department that it would be improper and illegal for the county to pay the premium on the official bonds of the county treasurer, county commissioners, county surveyor, county auditor, county librarian and the superintendent of the county hospital and their deputies.

You are further respectfully advised that if the constables and justices of the peace are placed on the salary basis, then it is the duty of the county to pay the premium on the official bonds of the justices of the peace, constables and their deputies. You are further respectfully advised that if the constables and the justices of the peace are on a fee basis then it would be illegal and improper for the county to pay the premium on the official bonds of the justices of the peace and constables and their deputies. You are further respectfully advised that it is the opinion of this department that if the constables and justices of the peace are on a fee basis then, in that event, the constables and justices of the peace and their deputies may pay the premium on their official bonds out of their excess fees of office as legal expenses.

Trusting that this answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

WJF:AWdb

APPROVED:


ATTORNEY GENERAL OF TEXAS